**FILED**
**JAN. 16, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 36800-9-III |
| | ) | |
| MARK ELLIS HUEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — Mark Huey is presently incarcerated at the Washington State Penitentiary in Walla Walla. Huey's restraint stems from his 2009 conviction in Yakima County for murder in the second degree. In a personal restraint petition, Huey challenges the loss of good time and privileges stemming from a prison infraction hearing. For the reasons stated below, we dismiss Huey's petition as moot.

FACTS

In March 2019, the Department of Corrections issued Mark Huey an infraction for refusing to follow an order to proceed to or disperse from a particular area, lying to a staff member, and being terminated from a work/training assignment for negative or substandard performance. The infraction arose from Huey not receiving the prison job he desired, lying to his job supervisor about what another supervisor had said, and not returning to his cell when directed to do so. In turn, Department of Corrections terminated Huey's current job.

After receiving the notice of infraction, Mark Huey received and signed a hearing notice that scheduled the infraction hearing for March 20, 2019. Because Huey did not

provide notice that he intended to call any witnesses at the scheduled hearing, the

Department of Corrections rescheduled the hearing to March 15.

Mark Huey did not appear at the scheduled time on March 15, and the Department

of Corrections held the hearing in absentia. After reviewing the written reports, the

hearing officer found the infractions committed and imposed a sanction. Huey appeared

shortly after the completion of the hearing, and he protested to the hearing officer about

his inability to testify in his defense. The hearing officer provided Huey with a copy of

the sanction.

In his personal restraint petition, Mark Huey alleges a lack of adequate notice of

the infraction hearing in violation of administrative and constitutional due process

protections. When the Department of Corrections rescheduled the hearing, it gave Huey

notice on a multi-inmate "call out" sheet posted in Huey's cell block the afternoon before

the rescheduled hearing. Under WAC 137-28-290(2)(b), the Department must provide an

offender with at least 24 hours advance notice, in writing, of the hearing's date, time, and

location. Huey agrees that the Department posted the "call out" sheet less than 24 hours

before the rescheduled hearing.

Mark Huey claims prejudice resulting from the Department's failure to timely

provide the notice of the rescheduled hearing because it resulted in him being late for the

hearing, not being able to testify in his defense, not having adequate time to collect witness statements and to request witnesses to testify in his defense, and not being able to challenge the veracity of the false statements made by staff. The Department defends on the grounds that WAC 137-28-290 does not create a substantive, enforceable right under WAC 137-28-140.

Before this court addressed Mark Huey's personal restraint petition, the Department of Corrections, on its own initiative, vacated the infraction findings and sanctions and granted Huey a new hearing. Accordingly, the Department filed a supplemental response asking this court to dismiss the petition as moot. Huey, through appointed counsel, filed a reply to the Department's response, but did not address the question of mootness.

## ANALYSIS

"An issue is moot if it is not possible for this court to provide effective relief. Mootness is a jurisdictional concern and may be raised at any time. 'When an appeal is moot, it should be dismissed.'" *State v. Deskins*, 180 Wn.2d 68, 80, 322 P.3d 780 (2014) (citations omitted) (quoting *Klickitat County Citizens Against Imported Waste v. Klickitat County*, 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993)). Because the

Department of Corrections already afforded Mark Huey with the relief he requested, we can no longer provide effective relief. Therefore, the petition is moot.

In limited circumstances, this court will still review a moot petition if it presents an issue of continuing and substantial public interest. *In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009). Because Mark Huey does not argue that his petition falls within that exception, we do not decide whether the issues presented by him are of continuing and substantial public interest.

## CONCLUSION

The petition is dismissed as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, J.

Pennell, A.C.J.

4